Slark et als. *v.* Broom & Caughlin.

Article 2236 of the Code, which declares that counter letters can have no effect against creditors or *bona fide* purchasers, is not to be restricted to cases where there is an authentic act from which the counter letter is to derogate. Therefore, where a counter letter shows that only a part of the purchase money of a ship had been paid, while the bill of sale registered at the custom house recited the entire payment—*Held:* That the counter letter could not prevail against a judgment creditor.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *H. Gaither,* for plaintiffs. *D. N. & W. D. Hennen,* for opponents and appellants.

Slidell, C. J.   Plaintiffs being judgment creditors of defendants, seized and sold, under *fieri facias,* the ship Diogenes. The heirs of *Samuel Broom,* former part owners of the vessel, filed a third opposition and claimed a vendor's privilege on the proceeds in the hands of the Sheriff. There was judgment against them, and they have appealed.

It appears that the Diogenes being the joint property of one *Draper* and the heirs of *Broom,* was sold to effect a partition, and purchased by *Caughlin* in his own name. The bill of sale, which was registered at the New Orleans customhouse, recites that all the purchase money had been paid, but a writing signed on the following day by *Caughlin,* acknowledges that only one-third of the price had been paid.

10

SLARK ET AL.
*v.*
BROOM & CAUGH-
LIN.

By Article 2236 of the Code, "counter letters can have no effect against creditors or *bona fide* purchasers; they are valid as to all others." This article appears to us conclusive against the appellants.

It is said this article applies only to cases where there is an authentic act, from which the counter letter is to derogate. But it contains no express terms of restriction, and when the policy of the law is considered, we see no reason to exclude the present case from its operation. For here is a document which is not, it is true, an authentic act in the sense of the Code; but it is a document which has been, pursuant to law, registered in the public books of the customhouse, and so informed such of the public as thought proper to resort there for information that *Caughlin* had paid the whole price of the vessel. A document thus registered, has quite as much publicity as an act spread on a notary's books.

Whether the rule of Article 2336, applies to ordinary private writings, it is unnecessary now to decide.

Judgment affirmed, with costs.

*D. N. & W. D. Hennen*, for a re-hearing :

The third opponents respectfully ask for a re-hearing in this case, upon the following grounds:

1st. The court have virtually decided that the customhouse is an office of registration, the records of which have the same binding effect upon the public and the parties, as the records in our State offices for the registration of the sales of immovables. Where is the law for this? None is given in the opinion of the court; none was cited by the plaintiffs' counsel. The notice given by a registration in the State conveyance office, is an artificial and constructive notice—a fiction of the law created by express statute from motives of public policy. But there is no law creating any such fiction in the case of ships and other movables; and this was abundantly shown by the authorities cited by opponents, and which the court have passed over *sub silentio.*

2d. The court has not noticed the point that plaintiffs had constructive notice even according to the strict doctrine of registration, and that such constructive notice is equivalent to one made in due form of law.

3d. The court have said that the sale of the ship as recorded in the custom house, is not an authentic act; and yet it relies upon the article of the Code which the authority of Toullier and Merlin, quoted, shows is applicable only to authentic acts.

Re-hearing refused.